**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SUSAN M. BAKER, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 10-6738 |
| | : | |
| PENNSYLVANIA ECONOMY LEAGUE, | : | |
| INC. RETIREMENT INCOME PLAN, | : | |
| et al., | : | |
| | : | |
| Defendants. | : | |

**August 23 , 2011**                                              **Anita B. Brody, J.**

<u>**MEMORANDUM**</u>

**I.  INTRODUCTION**

    Plaintiff Susan Baker brings suit against Defendants Pennsylvania Economy League, Inc.

Retirement Income Plan ("Plan") and Steven T. Wray, Plan Administrator, under the Employee

Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq*. for a determination of

benefit rights (Count I), a breach of fiduciary duties (Count II), equitable relief in the form of

restitution (Count III), and equitable injunctive relief based on a theory of equitable estoppel

(Count IV).  Jurisdiction is proper pursuant to 28 U.S.C. § 1331 and 29 U.S.C. §§ 1132(e) and

(f).  Defendants have moved to dismiss all counts of the Complaint.  For the reasons set forth

below, Defendants' motion to dismiss will be granted in part and denied in part.

**II.  BACKGROUND**

Baker is currently 55 years old. She began work with the Pennsylvania Economy League ("PEL") on October 19, 1983, and was a full-time employee in the Central Division office until September 1, 2009.  Since September 1, 2009, Baker has been a part-time employee of PEL.

As a PEL employee, Baker is a participant in the Plan.  According to the Plan:

> [T]he employer shall have the right to amend this plan at any time to any extent that it may deem advisable.  Such amendment shall be in writing, shall be authorized by action of the board of directors or the partners (as applicable), and shall be executed by the person designated in conjunction with this authorization.

Compl. Ex. A at 44.  Pursuant to the Plan, if Baker were to retire at age 65, her monthly benefit would be $1,858.31.  This amount is known as her "monthly accrued benefit."  The Plan also has an early retirement provision that allows participants who have reached the age of 55 to retire immediately.  However, those who retire at age 55 receive only the actuarial equivalent of their accrued benefit.  Baker turned 55 on September 29, 2010.  If she had retired then, her monthly benefit (the actuarial equivalent of her accrued benefit) would have been $929.16.

The Plan also has a "Rule of 90" provision: if the sum of a participant's age plus completed years of vesting service equals or exceeds 90 before the participant reaches his or her normal retirement age, the participant can retire without any actuarial reduction to the accrued benefit as of the date of retirement.  Baker will not become eligible for a Rule of 90 pension until December 31, 2014.  If Baker were to retire on that date, she would receive her full $1,858.31 monthly benefit.

In 1999, PEL restructured its retirement program.  The PEL Board approved a proposal at its December 1, 1999 meeting that excluded from participation in the Plan those employees hired after 1999; although those hired before would continue as participants in the Plan and still accrue benefits under the Plan.  The Board also adopted the following resolution:

> RESOLVED, that the Pennsylvania Economy League, Inc. Retirement Income Plan be reviewed during 2009 with the intent that it be terminated at the end of than [sic] plan year and that if the Plan is so terminated, the Plan be amended effective December 31, 2009 to provide an unreduced early retirement benefit for any participant who has as of that date a minimum of ten years of vesting service and whose combined attained age and service totals 74 or greater ("Rule of 74"). The board shall pass appropriate resolutions at that time to accomplish this intent.

Compl. ¶ 15.  Baker received a memorandum, dated December 6, 1999, regarding this resolution and the Rule of 74.  The memorandum stated:

> During 2009 the existing Retirement Income Plan will be reviewed with the intent that it be terminated at the end of that plan year. . . .  In conjunction with the termination of the existing Retirement Income Plan, it is intended that the Plan be amended effective December 31, 2009 to provide an unreduced early retirement benefit for any participant who has as of that date a minimum of ten years of vesting service and whose combined attained age and vesting service totals 74 or greater ("Rule of 74").

Compl. Ex. B.

On August 2, 2002, the PEL Board resolved that "benefits will cease to accrue under the Plan as of December 31, 2009, and no benefits shall accrue under the Plan subsequent to December 31, 2009." Compl. ¶ 17.  The Board also resolved that "the Plan be amended to reflect the cessation of accruals under the Plan as of December 31, 2009."  Compl. ¶ 17.  According to the minutes of the board meeting, both the Plan Administrator at the time, as well as a board member, referred to the 2002 resolutions as terminating the Plan.

On August 19, 2004, in response to an email inquiry from another PEL employee as to whether the Rule of 74 would take effect, the Plan Administrator wrote in an email:

> [T]he Board formalized its intention in the 1999 resolution, and I really can't see them going back on it. It wouldn't be honorable—and probably would be actionable. Bottom line, I truly believe that the rule of 74 will be put in place some time between now and 2009 and the necessary money put into the plan . . . .

Compl. ¶ 20.

On September 19, 2008, the Board advanced the Plan "freeze" in accrual of benefits by one year, changing the date that benefits would cease to accrue from December 31, 2009 to December 31, 2008.

On October 27, 2009, Baker filed a benefit claim with Kathryn Klaber, the Plan Administrator at the time, requesting an immediate and unreduced Rule of 74 pension under the Plan.  Klaber referred for review Baker's claim to the Plan's actuary, David Sterling of Conrad Siegel Actuaries.  Sterling advised Klaber to deny Baker's claim.  On December 15, 2009, Klaber presented Baker's claim to the PEL Board, explaining that "according to PEL's actuary, Conrad Siegel, though the Board had adopted the Rule of 74, the language of the plan was never changed to reflect that action."  Compl. ¶ 24.

On January 29, 2010, Baker's attorney sent Klaber a letter, notifying her that since more than 90 days had elapsed since Baker's initial claim letter, Baker had exhausted the available appeal remedies under the Plan and could pursue a civil action, and that any denial would not be entitled to judicial defense.  On February 3, 2010, the Plan Administrator sent Baker's attorney a determination letter, denying Baker's claim for benefits.  The letter explained that the Plan was never terminated, but rather the benefit accruals had been frozen, and that even if the PEL Board had obligated itself to amend the Plan in 2009 to provide a Rule of 74 pension, it was legally prohibited from doing so because of subsequent legislation and the current funding status of the Plan.

On March 3, 2010, Baker appealed the Plan Administrator's adverse determination.  On May 3, 2010, the Plan Administrator notified Baker that her appeal had been denied. Consequently, Baker instituted the present action.

## III.  LEGAL STANDARD

A motion to dismiss should be granted under Rule 12(b)(6) if the moving party "under any reasonable reading of the complaint . . . may be entitled to relief." *Kerchner v. Obama*, 612 F.3d 204, 207 (3d Cir. 2010) (quoting *Byers v. Intuit, Inc.*, 600 F.3d 286, 291 (3d Cir. 2010)). The Complaint must allege facts sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Rather, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In deciding a motion to dismiss under Rule 12(b)(6), a court must "accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). This "assumption of truth" is "inapplicable to legal conclusions." *Iqbal*, 129 S. Ct. at 1949-50.

"As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings. However, an exception to the general rule is that a document integral to or explicitly relied upon in the complaint may be considered . . . ." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (emphasis omitted) (citations omitted) (internal quotation marks omitted). Thus, "a court may . . . consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994). Further, "a court may consider an undisputedly authentic document that a defendant attaches as an

exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension*

*Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

## IV.  DISCUSSION

### A.  Determination of Benefit Rights[1]

Baker seeks a determination of her benefit rights, pursuant to Section 502(a)(1)(B) of

ERISA, 29 U.S.C. § 1132(a)(1)(B).  She requests that the court determine that she is "entitled to

retire under a Rule of 74 pension under the Plan without any reduction in her accrued benefit due

to early retirement." Compl. ¶ 32(a).  Defendants move to dismiss this count because the Plan

does not provide for a Rule of 74 pension.  Although Baker concedes that the Plan was never

formally amended to include a Rule of 74 pension, Baker argues that resolutions adopted by the

PEL Board in 1999 and 2002 entitle her to a Rule of 74 pension.

Section 502(a)(1)(B) of ERISA enables a participant or beneficiary to bring a civil action

"to recover benefits due to him under the terms of his plan, to enforce his rights under the terms

of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. §

1132(a)(1)(B).  A plaintiff's claim pursuant to Section 502(a)(1)(B) "stands or falls by the terms

of the plan, . . . a straightforward rule of hewing to the directives of the plan documents . . . ."

*Kennedy v. Plan Adm'r for DuPont Sav. & Inv. Plan*, 129 S. Ct. 865, 875 (2009) (internal

quotation marks omitted).  Thus, "ERISA forecloses any justification for enquiries into nice

expressions of intent . . . ," and avoids the "cost of less certain rules" that would force Plan

---

[1] Judicial review of benefit determinations by fiduciaries or plan administrators under Section
502(a)(1)(B) is subject to a de novo standard of review "unless the benefit plan gives the
administrator or fiduciary discretionary authority to determine eligibility for benefits or to
construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115
(1989).  Although neither party addresses which standard of review is appropriate, I need not
determine which standard applies because even under the more generous de novo standard of
review, Baker's Section 502(a)(1)(B) claim must be dismissed.

administrators "to examine a multitude of external documents that might purport to affect the dispensation of benefits." *Id.* at 875-76 (internal quotation marks omitted).

ERISA requires that "[e]very employee benefit plan shall be established and maintained pursuant to a written instrument." 29 U.S.C. § 1102(a)(1).  This requirement "precludes oral or informal amendments to employee benefit plans." *Confer v. Custom Eng'g Co.*, 952 F.2d 41, 43 (3d Cir. 1991) (citing *Hozier v. Midwest Fasteners, Inc.*, 908 F.2d 1155, 1163 (3d Cir. 1990)).  Moreover, every employee benefit plan must also "provide a procedure for amending such plan, and for identifying the persons who have authority to amend the plan . . . ." 29 U.S.C. § 1102(b)(3). Under ERISA "[o]nly a formal written amendment, executed in accordance with the Plan's own procedure for amendment, could change the Plan."  *Confer*, 952 F.2d at 43.  "Thus, an amendment is ineffective if it is inconsistent with the governing instruments." *Depenbrock v. CIGNA Corp.*, 389 F.3d 78, 82 (3d Cir. 2004).

Baker concedes that the Plan was never formally amended to include a Rule of 74 provision and that "the Plan currently has no express provision for such a benefit."  Compl. ¶¶ 32, 36.  However, she argues that the Board's resolutions passed on December 1, 1999 and on August 2, 2002 effectively amended the Plan.  On December 1, 1999, the Board passed a resolution that it intended to terminate the Plan at the end of 2009, and further resolved:

> [T]hat if the Plan is so terminated, the Plan be amended effective December 31, 2009 to provide an unreduced early retirement benefit for any participant who has as of that date a minimum of ten years of vesting service and whose combined attained age and service totals 74 or greater ("Rule of 74").

Compl. ¶ 15.  On August 2, 2002, the Board passed a resolution that stated, in pertinent part, "[B]enefits will cease to accrue under the Plan as of December 31, 2009, and no benefits shall accrue under the Plan subsequent to December 31, 2009." Compl. ¶ 17.  Baker argues that the 1999 resolution stated PEL's intent to terminate the Plan on December 31, 2009 and guaranteed

that if the Plan was terminated PEL would adopt a Rule of 74 pension.  Moreover, Baker argues that the 2002 resolution that resolved to cease accrual of benefits under the Plan as of December 31, 2009 was actually a termination of the Plan that mandatorily triggered the adoption of a Rule 74 pension upon the Plan's termination.

Regardless of whether the Board terminated or froze the Plan,[2] Baker is not entitled to a Rule of 74 pension because, as Baker admits, the Plan does not include a Rule of 74.  Although Baker believes that the Board's statements of intent to adopt a Rule of 74 and its 1999 and 2002 resolutions entitle her to a Rule of 74, the Supreme Court has made abundantly clear that a claim under Section 502(a)(1)(B) "stands or falls by the terms of the plan," and "forecloses any justification for enquiries into nice expressions of intent . . . ."  *Kennedy*, 129 S. Ct. at 875 (internal quotation marks omitted).  Because Baker concedes that the Plan was never formally amended to include a Rule of 74 pension, her Section 502(a)(1)(B) claim will be dismissed.

**B.  Equitable Claims For Relief**

Baker alleges several claims for equitable relief pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).  Section 502(a)(3) enables a participant, beneficiary, or fiduciary to bring a civil action: "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3).  Although Baker is not entitled to relief pursuant to Section 502(a)(1)(B) because the terms of the Plan do not include a Rule of 74,  under Section 502(a)(3)

---

[2] Although unnecessary to my resolution of this issue, I note that the complaint and attached exhibits reveal that the Plan was frozen by formal amendment in 2008.  In *Chait v. Bernstein*, 835 F.2d 1017, 1022 (3d Cir. 1987), the Court of Appeals for the Third Circuit held that a freeze on the accrual of future benefits does not terminate a plan.  As in *Chait*, the PEL Board's freeze on accrual of benefits did not terminate the Plan.

Baker may be able to obtain equitable relief "to redress violations of . . . parts of ERISA." *Cigna Corp. v. Amara*, 131 S. Ct. 1866, 1876-80 (2011) (holding that where defendants have not violated the terms of the plan, a court may not order the defendants to reform the terms of the plan pursuant to Section 502(a)(1)(B); however, equitable relief available under Section 502(a)(3) may provide a basis for the relief sought if a violation of ERISA has occurred).

### 1.  Breach of Fiduciary Duties

Baker alleges that Defendants breached their fiduciary duties, and brings her claim for relief pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).  Under Section 502(a)(3) individuals may seek equitable relief from a breach of a fiduciary duty.  *In re Unisys Corp. Retiree Med. Benefit ERISA Litig.*, 57 F.3d 1255, 1268 (3d Cir. 1995).

Baker alleges two distinct breaches of fiduciary duties in her Complaint.  The first alleged breach is that "[t]he Plan Administrator breached his fiduciary duties under the Plan by wrongfully determining that Baker was not entitled to a Rule of 74 pension under the Plan solely on the basis that the Plan currently has no express provision for such a benefit."  Compl. ¶ 36. Defendants argue that Baker's claim is not cognizable because this type of alleged breach is predicated on the Plan Administrator's failure to adhere to the express terms of the Plan, and in this case the Plan Administrator did adhere to the terms of the Plan because the Plan does not provide for a Rule of 74 pension.  Indeed, Defendants are correct that this allegation fails to state a claim for breach of fiduciary duty because the Plan Administrator cannot be held liable for failure to provide a Plan benefit (the Rule of 74 pension) that does not exist under the Plan.  If Baker had alleged only this first breach of fiduciary duties in the Complaint, I would dismiss this claim.  However, Baker's Complaint contains a second alleged breach: "The assurances given to Baker and others by PEL and designated plan administrators in the past regarding the status and

availability of the Rule of 74 amounted to a breach of their fiduciary duties under the Plan."

Compl. ¶ 34. Defendants do not acknowledge or address this second alleged breach.

According to the Court of Appeals for the Third Circuit:

[S]atisfaction by an employer as plan administrator of its statutory disclosure obligations under ERISA does not foreclose the possibility that the plan administrator may nonetheless breach its fiduciary duty owed plan participants to communicate candidly, if the plan administrator simultaneously or subsequently makes material misrepresentations to those whom the duty of loyalty and prudence are owed.

*Unisys*, 57 F.3d at 1264. "[W]hen a plan administrator affirmatively misrepresents the terms of

a plan or fails to provide information when it knows that its failure to do so might cause harm,

the plan administrator has breached its fiduciary duty to individual plan participants and

beneficiaries."[3] *Id.* Although minimally pled, Baker's second alleged breach that the Plan

Administrators breached their fiduciary duties when they made assurances to her that the Rule of

74 pension would be available may potentially form the basis for a cognizable breach of

fiduciary duties claim.[4] Therefore, Defendants' motion to dismiss this claim will be denied.

## 2. Restitution

In Count III, Baker seeks equitable relief in the form of restitution pursuant to Section

502(a)(3)(B) of ERISA. In their motion to dismiss, Defendants argue that this claim should be

dismissed because the restitution Baker seeks is not an equitable remedy. In her response, Baker

argues that restitution has been recognized by the Court of Appeals for the Third Circuit[5] as an

---

[3] A claim for breach of fiduciary duty pursuant to Section 502(a)(3) "is distinct from a claim for benefits under the terms of the plan because it requires different proof (proof of fiduciary status, misrepresentations, company knowledge of the confusion and resulting harm to the employees) . . . ." *Unisys*, 57 F.3d at 1265.

[4] Defendants do not address whether this alleged breach of fiduciary duty is properly pled. It is not the court's role to determine the sufficiency of the pleading absent argument from Defendants on this matter.

[5] Specifically, Baker cites to *Pell v. E.I. DuPont de Nemours & Co.*, 539 F.3d 292 (3d Cir. 2008), as recognizing that restitution may be a form of equitable relief.

appropriate form of equitable relief, and that "if the Court determines that the Plaintiff is entitled to a Rule of 74 benefit due to the circumstances in this case, it may (and should, in equity) determine that Plaintiff is also entitled to restitution for missed payments . . . ." Pl's. Resp. Br. 14.  In their reply, Defendants state that they "do not contest Plaintiff's assertion at this time . . . ."[6]  Defs'. Reply Br. 12.  Because Defendants abandon their argument that restitution is not an equitable remedy in this case, Defendants' motion to dismiss this claim will be denied.[7]

### 3.  Equitable Estoppel

Baker brings a claim for equitable injunctive relief pursuant to Section 502(a)(3) of ERISA based on a theory of equitable estoppel.[8]  Baker includes a single conclusory statement in Count IV of her complaint that "[t]he actions taken by the PEL Board in 1999 and 2002 and the assurances received by her and other similarly situated PEL employees since such time that a rule of 74 pension will be available preclude the Plan and the Plan Administrator from denying

---

[6] Defendants reserve the right to raise the argument in the future that restitution is not an equitable remedy in this case.  *See* Defs'. Reply Br. 12.

[7] In their reply brief, Defendants, for the first time, provide three new reasons why their motion to dismiss should be granted: (1) restitution is not available because Plaintiff has not yet retired and is not receiving any Plan benefits; (2) Count III is a remedy request that is not cognizable as a cause of action; and/or (3) Count III is duplicative of Count IV.  Defendants devote a mere two sentences to these new bases for dismissal, which conspicuously lack any legal argument or citation to caselaw.

"A reply brief is intended only to provide an opportunity to respond to the arguments raised in the response brief; it is not intended as a forum to raise new issues." *United States v. Martin,* 454 F. Supp. 2d 278, 281 n.3 (E.D. Pa. 2006) (declining to address issue raised for first time in reply brief).  *See also Vino 100, LLC v. Smoke on the Water, LLC,* No. 09-4983, 2011 WL 2604338, at *8 n. 11(E.D. Pa. July 1, 2011) (refusing to consider argument made for the first time in a reply to a motion to dismiss); *Blue Ribbon Commodity Traders, Inc. v. Progreso Cash & Carry,* No. 07-4122, 2011 WL 1883048, at *3 n.5 (E.D. Pa. May 17, 2011) (stating that an argument made for the first time in a reply may be rejected solely because a reply is not the appropriate forum to raise new issues).  Because Defendants raise these new reasons for dismissal in their reply brief, and do so in such a cursory manner, I will not consider them.

[8] Although Baker asserts in her Complaint that she is bringing her claim for equitable injunctive relief based on the doctrine of promissory estoppel, Defendants characterize it as a claim based on a theory of equitable estoppel.  Baker does not oppose Defendants' characterization of the claim, and both parties agree that the claim is brought pursuant to Section 502(a)(3) of ERISA.

her such a benefit at this time." Compl. ¶ 43. Defendants argue that this claim must be dismissed because Baker has failed to sufficiently allege all of the elements of a claim for equitable estoppel. To succeed on a theory of equitable estoppel under ERISA, a plaintiff must establish the following elements: "(1) a material representation, (2) reasonable and detrimental reliance upon the representation, and (3) extraordinary circumstances." *Curcio v. John Hancock Mut. Life Ins. Co.*, 33 F.3d 226, 235 (3d Cir. 1994). Defendants assert several arguments why the elements of equitable estoppel are not sufficiently pled. Rather than discuss them all, it is enough to note that nowhere in her complaint does Baker allege that she reasonably and detrimentally relied on a misrepresentation that a Rule of 74 pension would be available to her. Because of this deficiency in the pleading, I will dismiss Baker's equitable estoppel claim without prejudice, and I will grant Baker's request for leave to amend Count IV of her complaint.

## V. CONCLUSION

For the reasons stated above, Defendants' motion to dismiss will be granted in part and denied in part. Defendants' motion to dismiss Baker's claim for a determination of benefit rights (Count I) will be granted and this claim will be dismissed with prejudice. Defendants' motion to dismiss Baker's claim for equitable injunctive relief based on a theory of equitable estoppel (Count IV) will be granted and this claim will be dismissed without prejudice. Defendants' motion to dismiss Baker's claims for breach of fiduciary duties (Count II) and restitution (Count III) will be denied.

S/Anita B. Brody

_____

ANITA B. BRODY, J.

Copies **VIA ECF** on _____ to:       Copies **MAILED** on _____ to:

O:/ABB 2011/A-K/Baker v. PEL, Memorandum re Motion to Dismiss.doc